ENOCH CHAMBERLIN and others v. JOHN and DANIEL KAYLOR.

In an action against *two* defendants, the complaint, partly written and partly printed, was as follows: Title of the cause.—"The complaint of the above named plaintiffs respectfully *show* to this court, that the plaintiffs sold and delivered to the *defendant* the following described goods and chattels, at the times and for the prices below specified as to each article, that is to say:" [An account was here set out, commencing, "1852, October 20, To 450 Phila. bricks, $9 90," and to which succeeded additional items, wherein the abbre-viation " do." and inverted commas were employed in denoting the article and dates of sale. The complaint then concluded in the words following:] "amounting in the whole to the sum of two hundred and twenty dollars and thirty-five cents, upon account of which said goods and chattels the defend-ants remain indebted to the plaintiffs in the sum of two hundred and twenty dollars and thirty-five cents, together with interest thereon. "Wherefore, the plaintiffs demand judgment against the *defendant* for the said sum of," &c.

*Held*, that a demurrer, specifying as the objection to the complaint, that it did not appear therein or thereby, at what time, or for what prices, or to whom the goods were delivered, was properly overruled in respect to these *specific grounds* assigned for the demurrer.

Whether the complaint in question contains a statement of facts sufficient to constitute a cause of action; and whether it ought not to contain some averment of the promise to pay, or of terms of sale, showing that payment is due, and the credit, if any, expired, or some allegation showing the de-fendant to be in *default ;* and whether such a complaint could be sustained upon a demurrer, which should fully specify the grounds of objection appear-ing on its face; *quere ?*

Where a complaint, entitled against *two defendants,* consisted of a printed form, with the blank spaces therein filled in writing, and alleged a sale of goods " to the *defendant ;"* it was *held,* that the omission of the letter " s," being apparently a clerical error merely, should be disregarded on demurrer, and the allegation be deemed to charge both the defendants.

THIS was an appeal from an order, made at special term, overruling a demurrer. The complaint was for goods sold,

and was drawn by filling up the blanks in a printed form. The following is an exact copy, the *written* words being italicized:

*In the Court of Common Pleas for the city and* county of *New York. Enoch Chamberlin, John E. Hoagland and John Bell* against *John Kaylor and Daniel Kaylor.* Complaint for goods sold at different times. The complaint of the above named plaintiffs respectfully show to this court, that the plaintiffs sold and delivered to the defendant the following described goods and chattels, at the times and for the prices below specified as to each article, that is to say:

| 1852, | October | 20, | *To* 450 | *Phil. brick*,...... | | $9 | 90 |
|-------|---------|-----|----------|----------------------|------|-----|----|
| "     | *Nov'r* | 9,  | " 900    | *do.*                | $22, | 19  | 80 |
| "     | *Dec'r* | 8,  | " 800    | "                    | "    | 176 | 10 |
| "     | "       | 9   | " 666    | "                    | "    | 14  | 65 |
|       |         |     |          |                      |      | $220 | 35 |

amounting, in the whole, to the sum of *two hundred and twenty dollars and thirty-five cents*, upon account of which said goods and chattels, the defendants remain indebted to the plaintiffs in the sum of *two hundred and twenty dollars and thirty-five cents*, together with interest thereon.

Wherefore the plaintiffs demand judgment *against the defendant* for the said sum of *two hundred and twenty dollars and thirty-five cents*, with interest from *the tenth day of December, one thousand eight hundred and fifty-two, and their costs of this action.*

To this complaint the defendants served a demurrer, in the words following:

"The above named parties, John Kaylor and Daniel Kaylor, demur to the complaint of the plaintiffs in this action, and specify for grounds of their objection thereto—

"*First.*—That the said complaint does not state facts sufficient to constitute a cause of action against the said John

Chamberlin *v.* Kaylor.

and Daniel Kaylor in this, that it does not appear in or by said complaint at what time, or for what prices, or to whom the said goods and chattels, in said complaint mentioned, were delivered."

The motion was argued at special term, before INGRAHAM, FIRST J., who delivered the following opinion :

"There can be no doubt that the demurrer in this case is without foundation. "The complaint avers a sale and delivery of goods by the plaintiff to the defendants, specifying the amount claimed therefor. "If there are defects in it, or passages which should be made more explicit, still there cannot be any doubt that a cause of action is stated. "The mere omission, on the part of the plaintiff, to add the letter 's' to the printed word 'defendant,' is a mere clerical error, which, under the present system, at any rate, should not be allowed to constitute a ground of demurrer.

"The motion is granted, with costs, but the defendants may, in five days, withdraw the demurrer and serve an answer, provided the same is accompanied with an affidavit of merits."

*Albert Mathews,* for the defendants.

The complaint states, "*that the complaint shows*" the plaintiffs—without naming who they are—sold and delivered to the *defendant*—in the singular, not naming which of the five individuals named in the heading of the paper—20th October, 1852, 450 bricks for $9 90 ; and then follows a mass of unintelligible cyphers and hieroglyphics—" amounting in the whole to $220 35," and alleges, as a conclusion of law, that the defendants—not yet named and no joint obligation or undertaking of any one alleged—remain indebted thereon in $220 35. The papers served must govern. (*Smith* v. *Wells,* 5 Johns. 286; *Graham* v. *McCown,* 5 P. R. 353; 1 C. R. N. S. 43; *George* v. *McEvoy,* 1 C. R. N. S. 318.)

I. The averment that *the complaint shows,* &c., is bad. It cannot be pleaded to, so as to frame a proper issue. The

affidavit may be true, and yet no goods sold to any one. The complaint either shows what it pretends to, or it does not. If it does, the defendants cannot deny it, whether they ever had the goods or not. If it does not, it fails to state a cause of action, and is only to be reached by demurrer.

II. There is no averment of any assumpsit or undertaking to pay; and *non constat*, but the goods were paid for on delivery, or by exchange of other goods, or were sold for a *past* consideration. The averment, "*remain indebted*," cannot aid, as it is only a conclusion of law, and cannot be denied in the answer or put in issue. (*Daniels* v. *Hallenback*, 19 Wend. 408; *Pierson* v. *Cooley*, 1 Co. R. 91; *Beers* v. *Squire*, Ib. 84; *Russell* v. *Clapp*, 7 Barb. 482; *McMurray* v. *Gifford*, 5 How. Pr. Rep. 14; 6 Ib. 86.)

III. The complaint does not state where the goods were sold or delivered, and is uncertain as to the time and place, nor does it state that the parties are residents or within the jurisdiction of the court. (Court of Appeals, *Trees* v. *Ford*, 1 C. R. N. S. 413; *Boyle* v. *Brown*, 7 Barb. S. C. R. 80; *Barney* v. *Mattison*, 5 Ib. 375; *Gillett* v. *Fairchild*, 4 Denio, 80.)

IV. The complaint does not show a *joint* indebtedness, or an indebtedness of either the Kaylors; at most it avers a sale to *one*, without saying which one, and it does not aver a copartnership or joint undertaking or liability of any kind.

V. The complaint is also irregular in stating no place of trial, as required by the Code. (Code, sec. 172; *Williams* v. *Wilkinson*, 1 C. R. N. S. 26, n.)

*Francis Tillou*, for the plaintiffs.

DALY, J.—The omission of the letter "s," in the word defendants, in the printed form, was a clerical error, which the court will overlook. It is not, of itself, a sufficient ground for demurring to the complaint.

The complaint avers the delivery of goods and chattels at certain times, the dates whereof are given, and the amounts or value of them. The dates or times of delivery are stated

Chamberlin *v.* Kaylor.

by words and numerals; that is, the year and the days by numerals, the months by words, with two of the months .abbreviated, as follows: "Nov.," "Dec.,"—arising from the plaintiffs embodying the items of the account in the complaint. They were not obliged to do so, (Code, § 158,) but there is no objection to their doing it, if they see fit; and when they do, and the cause of action can be distinctly made out, the pleading is good. Such is the case here. A question might arise as to the manner of stating the times of delivery, but in that respect I think it sufficiently explicit and unmistakable. We are now to construe pleadings liberally, with a view to substantial justice, and it would not be promoted by seriously entertaining demurrers of this description. The defendants are fully apprised of the motive of the complaint against them. The cause of action is pointed out with unrequired particularity. No doubt or misconception respecting it could have led them to resort to a demurrer, the putting in of which must be attributed to a desire for delay, or to a love for hypercritical accuracy. The day for extreme precision in pleading is past.

WOODRUFF, J.—I agree with my brethren, that the specific grounds assigned for the demurrer herein are properly overruled, but I am not willing to give my sanction to such a complaint as the present.

In my judgment, it fails to aver *facts*, upon the admission of which the court can say the defendants are liable to a judgment.

There is no averment of any promise to pay for the goods alleged to have been sold by the defendants to the plaintiffs. If it be said that the law implies a promise where it finds the legal duty, it may be answered, that until the *terms* of the sale are disclosed, we cannot discover what was the defendants' legal duty. Those *terms* are not given. Whether, according to the terms of sale, any thing is due, does not appear.

The defendants are not, by the averments in the complaint,

put *in default*. It is not averred that they have broken any contract, failed to comply with any terms of sale, or omitted to pay moneys due.

We have often suggested that a statement that the defendant "is indebted," or "remains indebted," is a mere inference, and that it goes for nothing, unless the *facts alleged* warrant and sustain it.

Order at special term, overruling the demurrer, affirmed, with the usual leave to answer, on payment of costs.